# IN THE COURT OF COMMON PLEAS OF
# LORAIN COUNTY, OHIO

| | |
|---|---|
| **JESSICA CROSS** <br> 245 Hazel Way <br> West Homestead, PA 15120 <br><br> Plaintiff; <br><br> vs. <br><br> **YEAR ROUND LOGISTICS INC.** <br> 4623 75th Street #4-314 <br> Kenosha, WI 53142 <br><br> and <br><br> 339 Sunburst Avenue <br> Twin Lakes, WI 53181 <br><br> **RICKY D. GREENE** <br> 127 VFW Road <br> Grovetown, GA 30813 <br><br> Defendants. | ) COMPLAINT <br> ) <br> ) <br> ) CASE NO.: <br> ) <br> ) <br> ) JUDGE: <br> ) <br> ) <br> ) **COMPLAINT** <br> ) <br> ) <br> ) **(Jury Demand Endorsed Hereon)** |

## COMPLAINT

AND NOW, comes the Plaintiff, Jessica Cross, by and through her attorneys, EDGAR SNYDER & ASSOCIATES, LLC and CHRISTINE ZAREMSKI-YOUNG, ESQUIRE, and files the within COMPLAINT and in support thereof aver the following:

## THE PARTIES

1. Plaintiff, Jessica Cross, is an adult individual who resides at 245 Hazel Way, West Homestead, Pennsylvania 15120.

2. Defendant, Year Round Logistics Inc., is a corporation or entity of unknown legal identity with a mailing address at 4623 75th Street #4-314, Kenosha, Wisconsin 53142 and physical address at 339 Sunburst Avenue, Twin Lakes, WI 53181.

3. At all times material hereto, Defendant Year Round Logistics Inc. (hereinafter "Year Round Logistics") acted by and through its officers, agents, servants, employees and/or representatives, which were acting in the course and scope of their capacity as officers, agents, servants, employees, and/or representatives for Defendant, Year Round Logistics

4. Defendant, Ricky D. Greene, is an adult individual that resides at 127 VFW Road, Grovetown, Georgia 30813.

5. At all times material hereto, it is believed and therefore averred that Defendant, Ricky D. Greene, was an agent, employee and/or representative of Defendant Year Round Logistics, and was acting within the course and scope of his capacity as an agent, employee and/or representative of said Defendant.

6. At all relevant times, Defendant Year Round Logistics was responsible for the supervision and oversight of their authorized agents, employees, subcontractors, assignees, and/or ostensible agents including the hiring, retention, training, screening, discipline, counseling, and

1

control of all drivers, employees, licensees, agents, and/or ostensible agents. Additionally, Defendant Year Round Logistics was responsible for the actions and inactions, policies, procedures, practices and customs employed by their respective drivers, employees, licensees, agents and/or ostensible agents for the safety and well-being of other drivers and passengers on the roadway, including Plaintiff Jessica Cross.

## THE EVENTS

7. The events hereinafter complained of occurred on or about October 20, 2019, at or about approximately 11:25 p,m. on I-80 (Ohio Turnpike) in Henrietta Township, Lorain, Ohio.

8. At the aforementioned time and place, Plaintiff Jessica Cross was the front passenger of a 2019 Nissan Versa operated by Christina Cross, which was travelling east in the far right lane of the eastbound lanes of travel.

9. At the aforementioned time and place, Defendant Greene was operating a 2016 Freightliner, owned and/or controlled by Defendant Year Round Logistics, travelling east in the far right lane of the eastbound lanes of travel, behind the vehicle occupied by Plaintiff Cross.

10. Defendant Greene violently collided with the rear of the 2019 Nissan Versa occupied by Plaintiff Cross.

11. Due to the aforementioned collision, the 2019 Nissan Versa was propelled into the concrete median barrier separating the eastbound and westbound travel lanes.

12. As a direct and proximate result of the negligence and carelessness of the Defendants, Year Round Logistics and Ricky D. Greene, as set forth in more detail, below, Plaintiff, Jessica Cross, sustained severe, debilitating and permanent personal injuries and damages, as set forth in more detail below.

13. For the reasons set forth below, Defendants Year Round Logistics and Ricky D. Greene are jointly and severally liable to Plaintiff Cross.

## FIRST CLAIM

## JESSICA CROSS

v.

## YEAR ROUND LOGISTICS INC.

### and

## RICKY D. GREENE

14. Paragraphs 1 through 13, inclusive, are incorporated herein by reference as though fully set forth at length.

15. The aforesaid incident and injuries sustained by Plaintiff, Jessica Cross occurred as a direct and proximate result of the negligence and carelessness of Defendant, Ricky D. Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant, Year Round Logistics, generally and in the following particulars:

    a. In causing, allowing, and/or permitting the aforementioned tractor trailer to violently collide with the rear of the vehicle occupied by Plaintiff Cross;

    b. In failing to have the aforementioned tractor trailer under adequate and proper control that would have caused, allowed, and/or permitted Defendant Greene to be able to stop, slow, and/or turn aside the tractor trailer before colliding with the rear of the vehicle occupied by Plaintiff Cross;

    c. In failing to bring the aforementioned tractor trailer to a stop within the assured clear distance ahead;

    d. In failing to take due and proper cognizance of the then and there existing traffic conditions;

    e. In operating the aforementioned tractor trailer at an excessive rate of speed given the circumstances then and there existing;

    f. In failing to promptly and properly apply the brakes and/or other stopping mechanisms of the aforementioned tractor trailer;

    g. In failing to slow, stop, or to take any other appropriate evasive action to avoid the collision when Defendant Greene knew or should have known through the exercise of reasonable care that continued operation of the

3

        tractor trailer without taking any such action would result in a collision with other vehicles, including the vehicle in which Plaintiff Cross was a passenger;

    h.    In failing to operate the aforementioned tractor trailer free of distractions;

    i.    In operating the aforementioned tractor trailer when Defendant Greene was fatigued and/or otherwise impaired and/or affected by his physical condition;

    j.    In failing to sound the horn, flash lights, signal, or in any other way warn Plaintiff Cross of the impending collision;

    k.    In failing to operate the aforementioned tractor trailer at a safe speed;

    l.    In failing to properly maintain control over the tractor trailer;

    m.    In failing to use due care and caution under the circumstances;

    n.    In violating Ohio Revised Code 4511.21(a), by operating the aforementioned tractor trailer at a greater speed than would permit Defendant Greene from bringing it to a stop within the assured clear distance ahead;

    o.    In violating Ohio Revised Code 4511.79, by operating the aforementioned tractor trailer while Defendant Greene's ability or alertness was so impaired by fatigue, illness, or other causes that it was unsafe for him to drive said commercial vehicle; and

    p.    In violating the laws and statutes of the State of Ohio regarding the safe operation of vehicles.

16.    As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant Year Round Logistics, Plaintiff, Jessica Cross sustained the following serious injuries, some or all of which may be permanent in nature:

    a.    Closed head injury;

    b.    Compression fractures of the T7, T10, T11 and T12 vertebra;

    c.    Spinous process fractures of T9 and T10;

    d.    Transverse process fractures of L1, T9 and T10;

4

    e.    Interspinous ligament tear between the arch of C1 and the arch of C2;

    f.    Capsular hemorrhage between the lateral mass of C1 and C2;

    g.    Anterior compression/posterior distraction injury at T10-T11;

    h.    Full thickness ligamentum flavum tear in T10 and T11;

    i.    Interspinous ligament tear at T9-T10, and T10-T11;

    j.    Extensive paraspinal strain in the cervical and upper thoracic spine;

    k.    T8-T12 instrumented fusion;

    l.    T10 laminectomy;

    m.    Bi-lateral pulmonary contusions; and

    n.    Right-sided pneumothorax.

17. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant Year Round Logistics, Plaintiff Cross has suffered physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function and enjoy life.

18. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant Year Round Logistics, Plaintiff Cross has incurred medical bills.

19. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant Year Round Logistics, Plaintiff Cross is reasonably certain to incur future physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function and enjoy life, as a result of the injuries she sustained

on October 20, 2019.

20. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant Year Round Logistics, Plaintiff Cross is reasonably certain to incur future medical bills as a result of the injuries she sustained on October 20, 2019.

21. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Greene, who was working in the course and scope of his employment, agency and/or servitude with Defendant Year Round Logistics, Plaintiff Cross's earnings and earning capacity have been impaired.

WHEREFORE, Plaintiff Jessica Cross respectfully requests this Honorable Court to enter judgment in her favor and against the Defendants, Year Round Logistics and Ricky D. Greene, in an amount in excess of the arbitration limits of Lorain County, for compensatory damages, interest, costs of suit, attorneys' fees, court costs, as well as any other specific or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper.

**A JURY TRIAL IS DEMANDED.**

## SECOND CLAIM

### JESSICA CROSS

v.

### YEAR ROUND LOGISTICS, INC.

22. Paragraphs 1 through 21, inclusive, are incorporated herein by reference as though fully set forth at length.

23. At all relevant times, Defendant Year Round Logistics held out to Plaintiff Cross

and the public in general that their facilities and staff were adequate and able to provide safe and responsible trucking services.

24. At all relevant times, Defendant Year Round Logistics owed Plaintiff Cross a duty to exercise due and reasonable care in entrusting its vehicle to other drivers and/or operators.

25. At all relevant times, Defendant Year Round Logistics was acting as principal, employer, and/or master, and owed duties and responsibilities to Plaintiff Cross and the public in general. This care includes, *inter alia*, establishing adequate rules, procedures and standards for its drivers pertaining to the importance of immediately discontinuing driving a commercial vehicle when the driver is sleep deprived, distracted or unable to drive safely to avoid injuring members of the public, including Plaintiff; selecting, hiring, contracting and retaining competent drivers; and generally sufficiently overseeing those employed within their facilities such that the health, safety and well-being of members of the public and Plaintiff on the roadways is ensured.

26. At all relevant times, Defendant Year Round Logistics was acting by and through its agent, servant, and/or employee, Defendant Greene.

27. At all relevant times, Defendant Greene was acting within the course and scope of his actual and/or apparent employment, agency, and/or authority and in furtherance of the business interests of Defendant Year Round Logistics. Consequently, Defendant Year Round Logistics is vicariously liable for all injuries and damages caused by Defendant Greene.

28. Accordingly, Defendant Year Round Logistics is vicariously liable for the actions of Defendant Greene.

29. Defendant Year Round Logistics had a duty to ensure that any drivers employed and/or contracted knew adequate polices and procedures and would timely and properly remove themselves from the road if any physical conditions were not allowing them to drive the highways

7

and roadways of the State safely.

30. The aforesaid collision and injuries sustained by Plaintiff Cross occurred as a direct and proximate result of the negligence and carelessness of Defendant Greene, as aforementioned, as well as Defendant Year Round Logistics, generally and in the following particulars:

a. In failing to properly train its employees, agents, assigns, and/or contractors, including Defendant Greene;

b. In failing to properly train and/or instruct its employees, agents, assigns, and/or contractors, including Defendant Greene, in the safe, proper, and prudent operation of commercial motor vehicles;

c. In causing, allowing, and/or permitting Defendant Greene to operate a commercial vehicle when Defendant Year Round Logistics knew or should have known that he was not a safe operator of motor vehicles;

d. In hiring and/or retaining Defendant Greene as a driver when Defendant Year Round Logistics knew or should have known that Defendant Greene was not a safe operator of motor vehicles;

e. In failing to properly instruct its employees, including Defendant Greene, regarding the safe, proper, and prudent policies and procedures to operate a commercial motor vehicle;

f. In failing to institute and enforce safe, proper, and prudent policies and procedures for the operation of commercial motor vehicles;

g. In failing to properly train its drivers, including Defendant Greene, regarding proper and safe braking procedures and methods while operating commercial vehicles;

h. In failing to properly train its drivers, including Defendant Greene, regarding proper and safe following distances while operating commercial vehicles;

i. In causing, permitting, and/or allowing Defendant Greene to operate the tractor-trailer when Defendant Year Round Logistics knew or should have known that Defendant Greene was likely and/or had a propensity to operate the vehicles in a manner likely to cause a motor vehicle collision and/or to create an unreasonable risk of harm to the traveling public;

j. In causing, permitting, and/or allowing Defendant Greene to operate the tractor-trailer when he was not physically and mentally fit to do so;

8

    k.    In causing, permitting, and/or allowing Defendant Greene to operate the tractor-trailer when he was fatigued, likely to become fatigued, and/or otherwise affected by his physical condition;

    l.    In violating the generally accepted standards of care in the trucking industry; and

    m.    In failing to use the degree of care and caution incumbent upon a motor vehicle operator and/or a commercial vehicle operator under the Motor Vehicle Code of the State of Ohio and Federal Motor Carrier Safety Regulations and Rules.

31. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Year Round Logistics, Plaintiff Cross sustained serious injuries, some of all of which may be permanent in nature and which she will suffer for the rest of her life, as more fully described in Paragraph 16 of this Complaint.

32. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Year Round Logistics, Plaintiff Cross has suffered physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function and enjoy life.

33. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Year Round Logistics, Plaintiff Cross has incurred medical bills.

34. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Year Round Logistics, Plaintiff Cross is reasonably certain to incur future physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function and enjoy life, as a result of the injuries she sustained on October 20, 2019.

35. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Year Round Logistics, Plaintiff Cross is reasonably certain to incur future medical bills as a result of the injuries she sustained on October 20, 2019.

9

36. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Year Round Logistics, Plaintiff Cross's earnings and earning capacity have been impaired.

WHEREFORE, Plaintiff Jessica Cross respectfully requests this Honorable Court to enter judgment in her favor and against Defendant Year Round Logistics in an amount in excess of the arbitration limits of Lorain County, for compensatory damages, interest, costs of suit, attorneys' fees, court costs, as well as any other specific or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper.

**A JURY TRIAL IS DEMANDED.**


Respectfully submitted,

CHRISTINE ZAREMSKI-YOUNG, ESQUIRE (0089934)
EDGAR SNYDER & ASSOCIATES, LLC
U.S. STEEL TOWER, 10TH FLOOR
600 GRANT STREET
PITTSBURGH, PA 15219
Phone: (412) 394-4502
Fax: (412) 391-2180
E-Mail: czaremski-young@edgarsnyder.com
Counsel for Plaintiff

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES.

_____
CHRISTINE ZAREMSKI-YOUNG, ESQUIRE (0089934)
Counsel for Plaintiff